## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| STRUCTURAL IRON WORKERS,<br>LOCAL UNION NO. 1 PENSION TRUST,<br>FUND and STEVE M. BUKOVAC, | )<br>)<br>)<br>) | **Civil Action No. 08 C 1422** |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **Judge Manning** |
| KURE STEEL, INC., | )<br>)<br>) | **Magistrate Judge Ashman** |
| Defendant. | )<br>) | |

### DEFENDANT KURE STEEL, INC.,
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Kure Steel, Inc., by and through its attorneys, Arnstein & Lehr LLP,

states as its Answer to Plaintiff's Complaint as follows:

1.      This action is brought under the provisions of Sections 502 (a)(3), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (g)(2), and 1145.

**ANSWER:**   Admitted.

2.      Jurisdiction in this Court is based upon Sections 502(e)(l) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2), and Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. 185(a) and 28 U.S.C. § 1131.

**ANSWER:**   Admitted.

3.      Venue is proper in this District pursuant to Section 502(3)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

**ANSWER:**   Admitted.

4.      The Structural Iron Workers, Local Union No. 1 Pension Trust Fund, the Structural Iron Workers, Local Union No. 1 Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Mid-America Pension Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund and the Local No. 1 Scholarship Fund (collectively "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between Local

Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Iron Workers, Local 1" or "Union") and the Associated Steel Erectors of Chicago, Illinois (the "Principal Agreement"). The Union is a labor organization within the meaning of 29 U.S.C. § 185(a).

**ANSWER:**    Admitted.

5.    The Funds are either employee welfare benefit plans or employer pension benefit plans within the meaning of Sections 3(1), 3(2)(A) and 3(3) of ERISA, 29 U.S. §§ 1002(1), (2)(A) and (3).

**ANSWER:**    Admitted.

6.    The Funds are multi-employer benefit plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. 1002(3) and 1002(37)(A).

**ANSWER:**    Admitted.

7.    The funds are maintained in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 186(c)(5), ERISA and other applicable federal law.    The Funds are administered pursuant to the terms and provisions of certain Agreements and Declaration of Trust ("Trust Agreements").

**ANSWER:**    Admitted.

8.    The Pension Fund, also known as the Fund Disbursement Office, has standing to sue pursuant to 29 U.S.C. § 1132(d)(1).

**ANSWER:**    Admitted.

9.    The Pension Funds, also known as the Fund Disbursement Office, is the authorized collection agent under the Principal Agreement for contributions and deduction to the Funds required under the Principal Agreement.

**ANSWER:**    Admitted.

10.    Bukovac is the Administrator of the Fund Disbursement Office and authorized under the Principal Agreement and the Trust Agreements to institute legal proceedings necessary to enforce compliance with the provisions of those agreements relating to contributions and deductions.    With respect to such matters, Bukovac is a fiduciary of the Pension Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**ANSWER:**    Admitted.

11.    The Fund Disbursement Office is located at 7700 Industrial Drive, Forest Park, Illinois. The Funds conduct business and administer the Plans within the District.

**ANSWER:**    Admitted.

12.    As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the Principal Agreement and for the uses and purposes set forth in the Trust Agreements.

**ANSWER:**    Admitted.

13.    Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 508 North State Street, Lockport, Illinois.

**ANSWER:**    Admitted.

14.    On April 24, 2000 and February 5, 2003, Defendant signed Compliance Agreements, agreeing to be bound to a collective bargaining agreement with Iron Workers Local 1 binding Defendant to the terms and conditions of the Principal Agreement. A copy of both Compliance Agreements are attached hereto as Exhibit A.

**ANSWER:**    Admitted.

15.    Defendant employs or has employed persons represented for collective bargaining purposes by the Union. Defendant agreed to be bound by the collective bargaining referred to herein, the terms of which required Defendant to contribute to the Funds.

**ANSWER:**    Admitted.

16.    Defendant is required by the Principal Agreement and Trust Agreements to submit to audits by Plaintiff to determine the accuracy of Defendant's contributions to the Funds.

**ANSWER:**    Admitted.

17.    Since December 20, 2005, Plaintiffs, through their accountants, have requested Defendant to submit to an audit to determine whether Defendants is making the required contributions to the Funds, but Defendant has failed to respond to repeated requests by the accountants to provide for the examination of the Defendant's books and related records necessary to complete the scheduled audit.

**ANSWER:**    Denied.  Furthermore, Defendant states that it submitted to audits in May, 2004, and December, 2005, and that Plaintiff has not requested it to submit to an audit on or after December 20, 2005.

18.    As a result of the above-described breach of the collective bargaining agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made by the Defendant the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:**    Denied.

19.    Plaintiffs, on their behalf and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:**    Denied.

20.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Principal Agreement and the Trust Agreements, and its restrained from continuing to refuse to perform as required therein.

**ANSWER:**    Denied.

21.    Pursuant to the Compliance Agreement, the  Principal Agreement and the Trust Agreements, Defendant is obligated to pay the costs of any audit conducted by the Fund Disbursement Office and the legal fees incurred by the Administrator to initiate and prosecute the proceedings necessary to enforce compliance with these provisions.

**ANSWER:**    Denied.

22.    Defendant's failure to submit to an audit by Plaintiffs is a violation of the Compliance Agreement, the Principal Agreement and the Trust Agreements.  Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) and Section 301(a) of the LMRA, as amended, 29 U.S.C., Section 185(a).

**ANSWER:**    Denied.

## **AFFIRMATIVE DEFENSE**

Defendant pleads accord and satisfaction in that it submitted to audits in 2004 and 2005, and that no audit was requested on or after December 20, 2005.

WHEREFORE, Defendant requests that this case be dismissed with prejudice, and that Plaintiff be ordered to pay its costs and such other relief as this Court deems just and proper.

Respectfully submitted,

KURE STEEL, INC.

By: /s Mark A. Spognardi
    One of its Attorneys

Mark A. Spognardi, Esq. (06188895)
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, 12th Floor
Chicago, Illinois 60606
(312) 876-7186
Firm No.: 25188

6

## CERTIFICATE OF SERVICE

Mark A. Spognardi, an attorney, certifies that on April 2, 2008, he electronically filed the foregoing **DEFENDANT KURE STEEL, INC., ANSWER TO PLAINTIFFS COMPLAINT** with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to:

> Patrick E. Deady
> J. Michael Tecson
> Evan J. Haim
> HOGAN MARREN, LTD.
> 180 N. Wacker Drive, Suite 600
> Chicago, Illinois  60606
> (312) 946-1800

/s Mark A. Spognardi

Mark A. Spognardi, Esq. (06188895)
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, 12th Floor
Chicago, Illinois 60606
(312) 876-7186
Firm No.:  25188

8062790.1